**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BRENDA TAITE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BALTIMORE CITY BOARD OF SCHOOL COMISSIONERS, ET AL.,**<br><br>**Defendants.** | **Civ. No. 26-cv-02910-JMC** |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Plaintiff Brenda Taite's Motion for Alternative Service on Defendant Shawntez Jones (the "Motion"). (ECF No. 21). For the reasons that follow, Plaintiff's Motion (ECF No. 21) is hereby GRANTED in part and DENIED in part.

Plaintiff commenced the present civil rights action on July 27, 2026 against Defendants Baltimore City Board of School Commissioners, Tammantha Woodhouse, Shawntez Jones, and Baltimore Teachers Union. (ECF No. 1). Plaintiff states that she has been unsuccessful in numerous attempts to serve Defendant Jones. (ECF No. 21). Therefore, Plaintiff has filed the present Motion seeking authorization for alternative service and for an extension of time to serve Defendant Jones.

Fed. R. Civ. P. (4)(e)(2) permits service on an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

"Alternatively, an individual may be served by any means allowed by the state where the district

court is located or the state where service is to be effected." *Binks v. Collier*, No. DKC 19-0298, 2019 WL 2994697, at *1 (D. Md. July 9, 2019) (citing Fed. R. Civ. P. 4(e)(1)). Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'

Md. Rule 2-121(a). However, if the party seeking to effect service presents the Court with an affidavit stating that it has, in good faith, attempted to comply with Maryland Rule 2-121(a) and that compliance with Maryland Rule 2-121(b)[1] is inapplicable or impracticable, then "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rules 2-121(c). "To pass constitutional muster, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Binks*, 2019 WL 2994697, at *1 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (other citation omitted).

Summons as to Defendant Jones was issued by the Clerk's Office on October 3, 2026. (ECF No. 5). Plaintiff filed the present Motion asserting that she engaged the services of Rodney Getlan of Same Day Process Service, Inc. to serve Defendant Jones. (ECF No. 21-3 at 2, 4).[2] Mr.

[1] Md. Rule 2-121(b) states, "When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant."

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

Getlan's affidavits represent that he first attempted serve Defendant Jones on September 22, 2026 at his last known place of employment, Renaissance Academy High School, 1301 McCulloh Street, Baltimore, Maryland 21217. (ECF Nos. 21 at 2, 21-3 at 4). Mr. Getlan states that he spoke with a school security guard who did not know Defendant Jones and another employee at the school confirmed that Defendant Jones "has been gone for over a year." (ECF No. 21-3 at 4). Mr. Getlan then attempted to effectuate service at 2531 Arunah Avenue, Baltimore, Maryland 21216, where upon arrival, Mr. Getlan observed a green tag on the front door indicating that "the gas [and] electric company tried to enter the property in July and were unable to." *Id.* at 2. Additionally, Mr. Getlan spoke with a gentleman "who stated the home has been vacant for some time" and when Mr. Getlan looked through the first floor window, he noticed the home did not have any furniture. *Id.*

Given the facts alleged in Plaintiff's Motion, she has not established that alternative service is appropriate yet. Plaintiff's Motion sets forth for this Court initial efforts given to effectuate service on Defendant Jones, but the Court cannot ignore the fact that Plaintiff has not detailed efforts by a process service or other person or entity to locate Defendant Jones' "current address through the perusal of other public records and databases." *Mosley v. W. Express, Inc.*, No. CV 25-2682-BAH, 2025 WL 2918441, at *2 (D. Md. Oct. 14, 2025). This is not a situation whereupon personal process servers attempted service and found people inside the residence but were unable to get those people to answer the door or accept service. *See Auld v. Montoya-Hernandez*, No. CIV. ELH-11-0969, 2012 WL 1379452, at *2 (D. Md. Apr. 17, 2012). Rather, Plaintiff's Motion suggests Defendant Jones no longer resides at the Arunah Avenue address without demonstrating any attempt to locate his current residence.[3] Therefore, Plaintiff's request for alternative service at

[3] Plaintiff's Motion also fails to suggest that Defendant Jones has acted to evade service as required by Md. Rule 2-121(b).

this juncture is premature.

Although not entitled to proceed with alternative service at this point, Plaintiff is entitled to some relief at this stage. Despite Rule 4(m)'s general requirement that service be completed within ninety (90) days from issuance of the summons, the time may be extended upon a showing of good cause. *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010). "Good cause generally amounts to the interference of some outside factor [that] prevented the otherwise-diligent plaintiff from complying with Rule 4(m)." *Walsh v. Owen Software Dev. Co., Ltd.*, No. 8:22-cv-00960-PX, 2022 WL 3544260, at *2 (D. Md. Aug. 18, 2022) (other citation and internal quotations omitted). "To demonstrate good cause, a plaintiff must show that he exercised diligence in trying to effect service[] but was thwarted by circumstances beyond his control." *Id.* (other citation and internal quotations omitted). "Even absent a showing of 'good cause,' the Court nonetheless retains discretion to extend time for service." *Id.* (citing *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (other citations omitted)). Plaintiff has shown her continued efforts to serve Defendant Jones, and the Court finds good cause to extend Plaintiff's time to serve Defendant Jones.

Accordingly, it is this 21st day of October, 2026, hereby ORDERED that:

1. Plaintiff's request for alternative service on Defendant Jones (ECF No. 21) is DENIED without prejudice to Plaintiff's ability to request such relief if the Court's concerns expressed here are addressed or Plaintiff's service extension expires;
2. Plaintiff is GRANTED an extension of sixty (60) days from the date of this Memorandum Opinion and Order to serve Defendant Jones; and
3. The Clerk shall transmit copies of this Memorandum Opinion and Order to the

parties.

Date: October 21, 2026

/s/
J. Mark Coulson
United States Magistrate Judge